788 September 5, 2024 No. 638

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Danny STRYFFELER
and Mary Stryffeler,
as Co-Guardians of the person and affairs
of Latasha Stryffeler, an incapacitated person,
*Plaintiff-Appellants,*

*v.*

Tina Fan JENQ, M.D.;
Oregon Cosmetic and Reconstructive Clinic, P.C,
a corporation; and
Providence Health & Services Oregon,
an Oregon nonprofit corporation,
*Defendant-Respondents,*

*and*

OREGON ANESTHESIOLOGY GROUP, P.C.,
a corporation et al.,
*Defendants.*

Multnomah County Circuit Court
17CV37543; A173374

Thomas M. Ryan, Judge.

Argued and submitted May 31, 2023.

Stephen C. Thompson argued the cause for appellants. Also on the opening brief was Kirklin Thompson LLP. Also on the combined reply and answering brief on cross-assignments of error was Stephen C. Thompson LLC.

Michael T. Stone argued the cause and filed the combined answering brief and cross-assignments of error for respondents Tina Fan Jenq, M.D., and Oregon Cosmetic and Reconstructive Clinic P.C. Also on the reply brief on cross-assignments of error were Brisbee & Stockton LLC and Hood Stone Stockton.

George S. Pitcher argued the cause for respondent Providence Health & Services Oregon. Also on the briefs were Rachel A. Robinson and Lewis Brisbois Bisgaard & Smith LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiffs appeal from a general judgment in a medical malpractice action in which the jury returned a verdict for defendants. Plaintiffs were the guardians of the injured person, L, who died during the pendency of this proceeding. In this appeal, plaintiffs assert two assignments of evidentiary error.[1] In the first, plaintiffs argue that the trial court erred in denying their motion *in limine* to exclude evidence or mention of benefits paid to family members for in-home care of L. In the second, plaintiffs argue that the trial court erred in excluding a hearsay statement in a hospital record. We reject both assignments of error because, even if the trial court erred in the manner asserted by plaintiffs, they have not shown that they were prejudiced by the errors such that we can reverse the judgment. As a result, we affirm without reaching the conditional cross-assignments of error raised by defendants.

For purposes of this nonprecedential memorandum opinion, a recitation of the facts would not benefit the parties, the bench, or the bar. Accordingly, we recite in our analysis only the facts necessary to understand our disposition of the appeal.

*First Assignment of Error - Denial of Plaintiffs' Motion* in Limine

Before trial, plaintiffs filed a motion to exclude evidence or mention of payments to L's family members by Oregon Department of Human Services as part of Medicaid benefits for L's in-home care. Plaintiffs argued that the payments were federal Social Security benefits that constituted inadmissible evidence of collateral source benefits under ORS 31.580(2).[2] The trial court denied the motion as to those payments.

---

[1] In their reply brief, plaintiffs withdrew the third assignment of error raised in the opening brief.

[2] ORS 31.580(2) provides:

"Evidence of the benefit described in subsection (1) of this section and the cost of obtaining it is not admissible at trial, but shall be received by the court by affidavit submitted after the verdict by any party to the action."

On appeal, plaintiffs assert that the trial court erred and that they were prejudiced as a result. With respect to prejudice, plaintiffs assert that "the improper admission of collateral source benefits is held to be inherently prejudicial," citing to several cases decided before the enactment of the statutory predecessor to ORS 31.580.

We do not address whether the court erred because, even if it did, we conclude that plaintiffs have not demonstrated that it was an error "substantially affecting the rights" of plaintiffs as required by ORS 19.415(2).[3] On that issue, we reject plaintiffs' framing because, even if the cases cited by plaintiffs had established a common law rule in Oregon requiring reversal in every case where collateral source evidence was allowed at trial, ORS 31.580 did not wholly incorporate the common law collateral source doctrine. *See Gragg v. Hutchinson*, 217 Or App 342, 350, 176 P3d 407 (2007), *rev den*, 344 Or 401 (2008) (rejecting a party's reliance on cases decided before the enactment of the collateral source statute and instead relying on the text of the statute to determine the meaning of the statute). Moreover, nothing in the text or context of ORS 31.580 suggests that the legislature intended to create a special rule for improperly admitted collateral source evidence. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (methodology for statutory interpretation).

Instead, plaintiffs are required to demonstrate that the alleged error "substantially affect[ed] the rights" of plaintiffs. ORS 19.415(2); *Purdy v. Deere and Company*, 355 Or 204, 226, 324 P3d 455 (2014) ("This court's previous decisions that have applied the standard to instances of instructional and evidentiary error generally indicate that little likelihood is not enough, but more—that is, 'some' or a 'significant' likelihood that the error influenced the result—will suffice for reversal."). Plaintiffs have not done that. In the special verdict form, the jury found that defendants were not negligent as specified in the complaint and did not reach the issues of causation or damages. Plaintiffs have not

---

[3] ORS 19.415(2) provides, "No judgment shall be reversed or modified except for error substantially affecting the rights of a party."

explained how the alleged error affected that verdict. As a result, we reject plaintiffs' first assignment of error.

*Second Assignment of Error - Exclusion of Hearsay Statement*

During trial, plaintiffs sought admission of a statement in hospital-chart notes that were made after L's surgery. The particular chart note at issue was created by Dr. Kemeny and states: "CRNA concerned about neck edema due to prone position with head down during the case." The trial court excluded and redacted the portion of the statement that says, "due to position with head down during the case."

On appeal, plaintiffs assert that the court erred because the statement was admissible hearsay under OEC 803(4), statements made for medical diagnosis, and OEC 803(2), excited utterance, and that the erroneous exclusion was prejudicial because the statement was probative of plaintiffs' theory that L was placed in a head down position during surgery (which defendants denied), causing her injury.

We again do not address the merits of plaintiffs' argument because we conclude that they have not demonstrated that the alleged error substantially affected their rights. At trial, Dr. Colby, defendants' expert witness, testified that he had not read any records that suggested that L was placed in a head-down position during surgery. On cross-examination, the trial court allowed plaintiffs' counsel to question Dr. Colby about the excluded statement, which included plaintiffs' counsel reading the redacted statement and asking him several questions about it. During closing arguments, plaintiffs' counsel repeated the chart-note statement and argued that "Dr. Colby was forced to admit that on this record it exists in the record and there is evidence of a head down position." Based on the admission of the redacted statement during Dr. Colby's testimony, and plaintiffs' counsel being able to use that statement in closing to support their theory of the case, we conclude that plaintiffs have not demonstrated that any error in excluding the complete statement substantially affected their rights, as required by ORS 19.415(2).

Because plaintiffs have not asserted a basis on which to reverse the judgment for defendants, we do not reach any of defendants' conditional cross-assignments of error.

Affirmed.